Citation Nr: 1513851 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 08-22 155 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for peripheral neuropathy, claimed as secondary to service-connected diabetes mellitus.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

L. A. Rein, Counsel



INTRODUCTION

The Veteran had active service from December 1965 to April 1969. The Veteran died in November 2014 and the appellant is the surviving spouse. The appellant has been substituted as a claimant. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a January 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. During the course of the appeal, jurisdiction was transferred to the RO in Cleveland, Ohio. 

The appellant was scheduled for a February 2015 videoconference hearing. However, correspondence from the representative cancelled that hearing and stated that she did not desire to be rescheduled. 

In January 2015, the RO determined that the Veteran's surviving spouse was a substitute claimant to continue the claims pending at the time of the Veteran's death. 38 U.S.C.A. § 5121A (West 2014).


REMAND

The RO has determined that the appellant meets the criteria for substitution of the Veteran's claim which was pending at his death and takes the Veteran's place with regard to the claim. 

In November 2007, the Veteran underwent a VA examination to address the etiology of reported peripheral neuropathy. At that time, the Veteran reported he quit smoking in December 2004, after smoking two packs per day for forty years. He also reported that he quit alcohol in the 1960s, denied a history of abuse, and drank for a period of one year while on active duty. The Veteran complained of numbness of the hands since about 2002 to 2003, and that it was worse over the past five years. The Veteran also complained of tingling of both feet for the past year and crawling sensations of both lower extremities for the past one to two years. The Veteran had undergone an EMG/NCV in September 2007 in which a VA electrophysiologist reported the result of mild sensory, axonal type neuropathy consistent with peripheral neuropathy from alcohol abuse. The examiner found that the Veteran's had peripheral neuropathy which was secondary to alcohol abuse and not secondary to diabetes mellitus. The examiner noted that neuropathy symptoms actually preceded the diagnosis of diabetes mellitus, thus supporting the electrophysiologist's opinion that the Veteran's peripheral neuropathy was secondary to alcohol abuse and not diabetes mellitus. 

After a thorough review of the claims file, the Board finds that the VA examiner's opinion, to include reliance on the September 2007 VA electrophysiologist's conclusion that the Veteran had peripheral neuropathy due to alcohol abuse is unsupported by the evidence of record and is a general conclusion unsupported by any factual evidence. The Veteran's medical treatment records are completely negative for any suggestion that the Veteran consumed alcohol excessively, or was suspected of alcohol abuse. The Board notes that while the medical records are replete with the Veteran's admission to having a smoking habit of two packs a day for forty years, it was not documented that the Veteran reported alcohol consumption or abuse. Rucker v. Brown, 10 Vet. App. 67 (1997) (statements made to physicians for purposes of diagnosis and treatment are exceptionally trustworthy because the declarant has a strong motive to tell the truth to receive proper care).

In the February 2009 notice of disagreement, the Veteran stated that he did not drink alcohol. The Veteran submitted lay statements from friends and former colleagues attesting to the fact that they never saw or knew the Veteran to have consumed any alcoholic beverages. In a July 2013 substantive appeal, the Veteran asserted that he was told by his VA physicians that he was "borderline diabetic" and therefore, his diabetes could have started earlier, but he was not yet told that he was diabetic. He further disagreed with the VA examiner's opinion that his neuropathy was alcohol induced as he had not drank more than two beers in 40 years. The Board finds the Veteran's statements credible and consistent with the other evidence of record. 

Furthermore, the VA opinion did not address whether the Veteran's service-connected diabetes mellitus aggravated any peripheral neuropathy. The opinion also did not address any other possible etiologies for the diagnosed neuropathy. Service connection may be granted for disability that is proximately due to or the result of a service-connected disability. That includes service connection not only for disability caused by a service-connected disability, but for the degree of disability resulting from aggravation to a nonservice-connected disability by a service-connected disability. 38 C.F.R. § 3.310 (2014); Allen v. Brown, 7 Vet. App. 439 (1995). Temporary or intermittent flare-ups of symptoms of a condition, alone, do not constitute sufficient evidence of aggravation unless the underlying condition worsened.

The Board finds that a remand is warranted to obtain an additional medical opinion to address the inconsistencies noted above. When the medical evidence is inadequate, VA must supplement the record by seeking an advisory opinion or ordering another medical examination. Colvin v. Derwinski, 1 Vet. App. 171 (1991); Hatlestad v. Derwinski, 3 Vet. App. 213 (1992).

Accordingly, the case is REMANDED for the following action:

1. Obtain a medical opinion, from a medical doctor neurologist who has not previously reviewed the claims file, to determine the etiology of any diagnosed peripheral neuropathy or other type of neuropathy. The examiner should review the claims file and should note that review in the examination report. The examiner should provide the rationale, with citation to relevant medical findings and pertinent medical literature, for the opinion provided. In providing this opinion, the VA physician must reconcile the prior VA medical opinion of record and the contentions, by the Veteran prior to his death, the appellant, and the additional lay statements of record, that the Veteran did not consume or abuse alcohol. Further, the VA physician must address the onset of the Veteran's neuropathy of all extremities, and whether there is evidence that the Veteran had diabetes prior to his actual diagnosis, as asserted by the Veteran. The examiner should opine whether it is at least as likely as not (50 percent or greater probability) that any diagnosed neuropathy of the extremities was proximately due to or caused by service-connected diabetes mellitus. The examiner should opine whether it is at least as likely as not (50 percent or greater probability) that any diagnosed neuropathy of the extremities was aggravated (increased in severity beyond the normal progress of the disorder) by service-connected diabetes mellitus.

2. Then, readjudicate the claim. If the decision is adverse to the appellant, issue a supplemental statement of the case and allow the applicable time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).